UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:03-CR-13-TS |
| | ) | |
| DAVID BROWN | ) | |

**OPINION AND ORDER**

After adjudicating the Defendant, David Brown, guilty upon his plea of guilty, the Court sentenced him pursuant to 21 U.S.C. § 841(b)(1)(B) and the United States Sentencing Guidelines that were in effect on the date of his sentencing, December 15, 2003. On February 22, 2008, this Court granted the Defendant's request for the appointment of counsel in connection with possible resentencing under the amended cocaine base guidelines [DE 40]. The Court's order directed the Defendant, his counsel, the government, and the United States Probation Office on the procedure that would govern the Court's determination whether the Defendant was entitled to a reduction in his sentence pursuant to guideline §1B1.10, as amended effective March 3, 2008.

On March 18, the Defendant's court-appointed counsel filed a notice explaining that a reduction in the Defendant's sentence is not appropriate because 21 U.S.C. § 841(b)(1)(B) requires imposition of the same mandatory minimum sentence of 60 months that the Court imposed on December 15, 2003 [DE 42]. In conjunction with that Notice, the Defendant's attorney also moved to withdraw as court-appointed counsel as directed by the Court's February 22 order [DE 43].

Pursuant to the February 22 order, if counsel moves to withdraw, "[t]he Defendant then has 30 days to file a response, pro se, to counsel's notice and request to withdraw, and a pro se

motion for reduction of sentence." (DE 40 at 2.) "The Court will then rule on counsel's request to withdraw, and on any pro se motion that the Defendant filed." (DE 40 at 2.)

More than 30 days has elapsed since counsel filed the notice and motion to withdraw (March 18, 2008, to May 6, 2008, is 50 days). The Defendant has not filed a response or a motion for reduction of sentence.

Counsel's Notice and his Motion to Withdraw are well taken. 21 U.S.C. § 841(b)(1)(B) imposes a mandatory minimum sentence of five years of imprisonment for the Defendant's drug offense. The Defendant's guideline range of imprisonment before the amendments was 51 to 63 months imprisonment for his base offense level of 23 and criminal history category of II. Under the amended guidelines, the Defendant's base offense level of 21 and criminal history category of II would correspond to a guideline range of 41 to 51 months. However, when the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline range. USSG §5G1.1(b); *see also United States v. Roberson*, 474 F.3d 432, 436–37 (7th Cir. 2007) (holding that *Booker* does not authorize courts to sentence below minimums prescribed by congress through federal statutes). Therefore, the amended sentencing guidelines do not entitle the Defendant to a reduction of his sentence.

## CONCLUSION AND ORDER

For the foregoing reasons, the Motion to Withdraw as Court Appointed Counsel [DE 43] is GRANTED and attorney Thomas N. O'Malley is allowed to withdraw as attorney of record in this cause of action.

SO ORDERED on May 6, 2008.

                                   s/ Theresa L. Springmann
                                  THERESA L. SPRINGMANN
                                  UNITED STATES DISTRICT COURT